## GAY & a. *v.* HASELTINE & a.

Whether it is necessary for the holder of an accepted bill of exchange, payable at a day certain, to present the bill for payment before he can sustain an action against the acceptor, *quære.*

Where an order to pay a sum of money, when the party upon whom it is drawn shall be in funds from a particular source, has been accepted by him, it is his duty to pay when the contingency arises ; and if he fail so to do the holder may sustain an action against him without any presentment for payment.

ASSUMPSIT, upon an order drawn by Isaac Guild, August 3, 1838, in favor of the plaintiffs, requesting the defendants to pay them the contents of a certain note " from any overplus which may be realized from the store goods now under attachment, and notes and accounts in your hands as collateral security, when you shall have discharged yourselves as bondsmen on account of E. A. Searle, and a note signed by you as indorser to the Nashua Bank, of four hundred dollars and interest."

This order was accepted by the defendants on the same day.

Gay *v.* Haseltine.

It appeared, from the report of an auditor, that the defendants had a balance in their hands, after discharging the demands for which they were bondsmen and indorsers, sufficient to satisfy the plaintiff's claim.

There was no evidence of any presentment for payment.

*Farley*, for the plaintiffs. No demand was necessary. Cro. Car. 384, *Vivian* v. *Shipping ;* 6 N. H. Rep. 541, *Graves* v. *Ticknor ;* 10 Mass. 230, *Lent* v. *Padelford.*

The plaintiffs had no means of knowing when the defendants were in funds, but the defendants knew.

*J. U. Parker*, for the defendants.

PARKER, C. J. Whether it is necessary for the holder of an accepted bill of exchange, payable at a day certain, to present the bill for payment before he can sustain an action against the acceptor himself, is a question not so clearly settled as to be placed beyond doubt. See Chitty on Bills (8th ed. 1833) 391, 392 ; cited Story on Bills, sec. 325, note ; Chitty & Hulme on Bills, ch. 9, p. 353 (Am. ed.), and note, with authorities cited. In *Hansard* v. *Robinson*, 7 B. & C. 90, Lord *Tenterden* considered presentment for payment to be necessary, by the custom of merchants, because the acceptor was entitled to have the bill delivered up on payment. But the decision in that case, that an action at law cannot be maintained on a lost bill, may perhaps be found to be unsound ; and if the decision should prove to be erroneous, the supposition respecting the custom upon which it is founded may fall with it.

However that may be, we are of opinion that no presentment for payment was necessary in this case.

From the nature of the case the time of payment depended upon matters peculiarly within the knowledge of the defendants, and not within the knowledge of the

plaintiffs. When the contingency arrived, it was the duty of the defendants to perform what they had undertaken to do, without waiting for a presentment by the plaintiffs.

*Judgment for the plaintiffs.*